UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| DANOS & CUROLE MARINE CONTRACTORS, | | |
| L.L.C., AS OWNER OF A FLEET OF VESSELS, | * | NO. 05-3950 |
| FOR EXONERATION FROM OR LIMITATION | | |
| OF LIABILITY | * | SECTION "B"(2) |

### ORDER AND REASONS

Before the Court are Complainant's Complaint for Exoneration from Limitation of Liability and Ex Parte Motion for Approval of Letter of Undertaking, and Directing Issuance of Notice and Enjoining Prosecution of Claims. Given the below cited issues, **IT IS ORDERED** that no later than **January 24, 2006**, complainant in this action shall file, in writing, good cause, if any, why this action should not be transferred to the United States Southern District of Texas.

### BACKGROUND

This action arises out of Cleveland Joseph Collins' action in the 56th Judicial District Court for Galveston County, Texas, alleging he was exposed to asbestos and other carcinogenic fibers during the course of his employment as a seaman with D & C from

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1959 through 1966. (Compl. at ¶ VI). On August 15, 2005, Complainant Danos and Curole Marine Contractors, L.L.C. ("<u>D & C</u>") filed this action, seeking limitation of liability, pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 181, et seq.

## LAW AND ANALYSIS

### A. Venue

Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims governs the proper venue for this limitation proceeding. <u>See</u> Fed. R. Civ. P. Supp. A.M.C. Rule A(4) (providing that the supplemental rules apply to the procedure in admiralty with respect to actions for exoneration from or limitation of liability). In pertinent part, the rule states:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or <u>if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim</u>. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. (Emphasis supplied).

If venue is wrongly laid, the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. <u>In re Western Atlas Int'l. Inc.</u>, 1998 U.S. Dist. LEXIS 7415, 1998 WL 259965, *1 (E.D.La. May 19,

1998). "[Rule F(9)] makes clear that if the owner has been sued with respect to any claim to which the plaintiff seeks to limit liability, the limitation complaint must be filed in the district in which the owner has been sued." In re Complaint of the Tug of Danielle M. Bouchard Corp., 1998 U.S. Dist. LEXIS 4611, 1998 WL 164849, *2 (E.D.La. April 7, 1998); accord In re Western Atlas Int'l. Inc., 1998 U.S. Dist. LEXIS 7415, 1998 WL 259965, *1 (E.D.La. May 19, 1998) ("Western should have filed its complaint in the Middle District of Louisiana owing to Fisher's previously filed Petition for Damages [in that district's state court]."); In re Falcon Drilling Co., Inc., 1996 U.S. Dist. LEXIS 1084, 1996 WL 39410, *1 (E.D.La. Jan. 31, 1996) (holding that the proper venue for a limitation action is the district in which a claimant previously filed a lawsuit against vessel owner in state court); In re TLC Marine Servs, Inc., 900 F. Supp. 54, 55 (E.D.Tex. 1995)(Cobb, J.)(noting that the district court for the Eastern District of Louisiana in which a limitation proceeding was filed by a vessel owner "had no option but to transfer this case to the Eastern District of Texas under the Admiralty Rules, since [a claimant] had a pending suit here"); In re Am. River Transp. Co., 864 F. Supp. 554, 556 (E.D.La. 1994) ("Because [a claimant] filed a claim against the vessel owners in Texas State court, the appropriate venue is the [district court encompassing the location of the state court]).

3

As the advisory committee notes to Rule F(9) specify, this Court may transfer the action to any district court even if venue is proper(as Plaintiff conclusively states),"[f]or the convenience of parties and witnesses, in the interest of justice."

Paragraph VI of the Plaintiff's Complaint mentions a Sixth Amended Petition, where "[D & M] has been sued by Cleveland Joseph Collins who alleges in [a Texas state court matter] that he was a seaman employed by [Plaintiff] from 1959 through 1966 and that he was exposed to asbestos and other carcinogenic fibers during the course and scope of his duties with [Plaintiff]." (Compl. at ¶ VI). The Texas state court action is the catalyst for the instant complaint seeking exoneration from or limitation of liability. The issue of venue is, in the least, questionable, and Plaintiff has provided no support in the Complaint for this Court to find venue is proper.

B. Compliance with Rule F(2)

Rule F(2) states, "The Complaint shall set forth . . . all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited . . . It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination . . . the value of the vessel at the close of the voyage . . . ."

Plaintiff states that D & R no longer own any of the vessels in the fleet and has no information as to the vessels' present

locations. (Compl. ¶ XI). Plaintiff's employee (the "Risk Manager") researched the fleet of vessels owned by Plaintiff between 1959 and 1966 to compile the list of vessels identified in the Complaint as its total fleet during the relevant period. (<u>See</u> Affidavit of Value). Furthermore, there is absolutely no explanation as to how the Risk Manager arrived at the values associated with each vessel. (<u>See</u> Affidavit of Value). Typically, Fair Market Value established by the actual sale of the vessels or sales of comparable vessels at the approximate time and within the relevant market. <u>See</u> <u>Cody v. Phil's Towing Co.</u>, 247 F. Supp. 2d 688 (W.D. Penn. 2002).

Plaintiff further avers that the Texas state court action did not specify which of Plaintiff's vessels, if any, the decedent may have worked aboard, nor did the decedent specify the times he worked aboard any particular vessel belonging to Plaintiff. (Compl. ¶ VII). This Court is unable to determine, from the limited information regarding the prior state court action, whether the Plaintiff can properly avail itself of a remedy pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §181, et seq. <u>See</u> <u>In re: Petition of Robert G. Lauritsen</u>, 2004 U.S. Dist. LEXIS 18324 (N.D.Ill. 2004).

## C. Timeliness

Rule F(1) states, "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court . . . for limitation of liability . . .

." Although Plaintiff discloses the existence of a "Sixth Amending Petition" in a Texas state court, Compl. at ¶ VII, no date is provided to inform this Court as to when Plaintiff received notice of that amendment. Instead, in Paragraph XV of the Complaint, Plaintiff states, "This Complaint is filed within six months of the date [Plaintiff] received notice of a claim against it as vessel owner which claim could exceed the value of the fleet." The Texas complaint was not attached. This Court has no way of determining whether, in fact, this complaint is timely.

New Orleans, Louisiana, this 5th day of January, 2006

*[signature]*
Ivan L.R. Lemelle
United States District Judge